Hurley, J.
The plaintiffs sued three defendants alleging violations of G.L.c. 93A arising out of the sale of a private residence by two of the defendants to the plaintiff. The third defendant is a real estate broker engaged by the other defendants to sell the residence. All defendants filed motions for summary judgment. After hearing, the motions were allowed and judgment entered for the defendants. This report followed.
From the materials before the trial judge on the motions, there is no dispute that the complaint presents only a c. 93A claim.[3] The defendant sellers sold their residence to the plaintiffs. One condition in the agreement was an inspection of the home by a professional inspector. An inspection, as specified in the agreement, was performed prior to the closing. Some years after the sale, the plaintiffs notified the sellers and the broker that they engaged in unfair and deceptive practices and sought relief pursuant to G.L.c. 93A. The plaintiffs allege that the defendants failed to disclose water problems in the basement and made misrepresentations about the safety of the neighborhood. As to the wet basement, the plaintiffs say that the defendants represented that the cellar was dry when they knew or had reason to know that the cellar had flooded in the past. In their affidavits the plaintiffs state that they were not informed about a break into the seller’s shed and theft of a moped and bicycle. In addition, they state that within eight days after they purchased the residence, someone broke into the house.
As to the broker, the plaintiffs allege that he made a representation that the cellar was dry and that the neighborhood was a safe area. These allegations are disputed by the broker.
The plaintiffs, pursuant to the purchase and sale agreement, engaged a home inspector to inspect the premises. An affidavit by the employee who performed the-inspection stated he found no evidence of a flooding problem in the basement. He noted the presence of a sump pump in the basement that was in working order at the time of the inspection. The inspection was completed on April 8,1988, prior to the closing.
Since the claim in this case is limited to recovery under G.L.c. 93A, the defendant sellers can only be liable if they, or one of them, was acting in a business con *174 text. Lantner v. Carson, 374 Mass. 606 (1978). The general understanding is that there is no exposure under c. 93A for the individual homeowner who sells his defective home utilizing the services of a real estate broker. The allegations against the seller in this case, made to slot them in the business context,[4] refer to their activity in the negotiation process and a statement that one of the sellers made concerning the fact he may own rental property in a seacoast town (denied by the sellers). There is nothing in the record before us to suggest that the transaction in this case was anything more than an “isolated sale of a private home.” See Begelfer v. Najarian, 381 Mass. 177, 190 (1980).
As to the real estate broker, there is no question that he stands in a posture distinct from the sellers. He is acting within a business context and is subject to the provision of G.L.c. 93A The issue as to the broker is whether there is any genuine issue of material fact concerning the broker’s action. The allegations against the broker in this case do not give rise to exposure under c. 93A One allegation is that in response to a statement by one of the plaintiffs about her concerns for her safety and the neighborhood, the defendant broker responded that the neighborhood was “okay.” The plaintiffs allege that the broker told them the cellar was dry and there were no problems. The broker’s response is alleged to be that he merely relayed information given him by the sellers. There is no allegation that the broker had knowledge requiring disclosure. See Underwood v. Risman, 414 Mass. 96 (1993). It is clear from the draft report that the plaintiffs had the information they sought, except for the neighborhood safety issue, from the home inspector’s report and discussion with them. There is no allegation that the broker made a representation to the plaintiffs based on his knowledge of the facts sought to be disclosed by the plaintiffs. On the safe neighborhood issue, the plaintiffs say that a house break shortly after they moved in is evidence to support c. 93A liability of the broker because he “represented” to them that the neighborhood was “okay.” There is no allegation that the broker had any knowledge of facts which could lead to an opinion that the neighborhood was not safe. In any event there is no evidence to support the existence of any conditions known at the time of the statement.
The report is dismissed.

No issue is raised concerning a determination on a motion to dismiss that count one of the complaint “does not constitute the recitation of a claim and demand for judgment.”

Apparently the limitation period had run on other claims.